Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3691 | **DATE** | July 8, 2011 |
| **CASE TITLE** | *Bartles v. HSBC Card Services* | | |

**DOCKET ENTRY TEXT:**

It has come to the court's attention that its order dated June 28, 2010, was never docketed. The court regrets the error and rules as follows: Ms. Bartels' motion for leave to proceed in forma pauperis is granted. Her claims against defendant HSBC Credit Service are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the court declines to exercise jurisdiction over her state law claims. The clerk is directed to enter judgment and terminate this case from the court's docket.

■[ For further details see text below.]    Docketing to Mail Notices.

## STATEMENT

Pro se plaintiff Amy Bartels seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Ms. Bartles is proceeding pro se, the court has construed her filings liberally.

Ms. Bartels filed a Chapter 7 bankruptcy case in the Southern District of Iowa and received a discharge in 2008 that included a debt owed to defendant HSBC Card Services. In reviewing her credit report in 2010, Ms. Bartles noticed that the HSBC debt was still listed. She wrote to HSBC to request removal of the debt due to her bankruptcy discharge, but alleges that the debt continues to be listed on her credit report. Hence, she filed suit asserting a claim under the Fair Credit Reporting Act ("FCRA") as well as state law claims of negligence, harassment, invasion of privacy, defamation, and misrepresentation.

First, the basis for venue in this district is unclear, as the existence of a registered agent in Chicago is the only discernable connection between this lawsuit and the Northern District of Illinois. In any event, Ms. Bartels' complaint is directed exclusively at HSBC. The FCRA regulates "consumer report[s]" issued by "consumer reporting agenc[ies]." *See* 15 U.S.C. § 1681a(d)(1). "A consumer reporting agency, so far as pertains to this case, is 'any person which . . . regularly engages in whole or in part in the practice of

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.'" *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008), *quoting* 15 U.S.C. § 1681a(f). Based on Ms. Bartels' complaint, HSBC appears to be either a bank or a credit card issuer. It thus is not a consumer reporting agency. This means it is outside the scope of the FCRA, so Ms. Bartels' FCRA claim against HSBC fails to state a claim for which relief may be granted. *See id.* Accordingly, this claim is dismissed.

Based on the dismissal of Ms. Bartel's federal claim, the court declines to exercise supplemental jurisdiction over her state law claims. The state law claims are, therefore, dismissed without prejudice.